UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED CHISOM,<br><br>　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　Respondent. | Case No. 18-cv-06899-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket Nos. 1, 4, 9, 11 |

## I.　　INTRODUCTION

Fred Chisom, currently an inmate at the Napa State Hospital, filed this action for writ of habeas corpus under 28 U.S.C. § 2241. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. Several other filings from Mr. Chisom also are now before the Court for consideration.

## II.　　BACKGROUND

At the time he commenced this action, Mr. Chisom was a pretrial detainee at the Sonoma County Jail. *See* Docket No. 1-1. He later was sent to Napa State Hospital for a competency evaluation. *See* Docket No. 11. He expects to be returned to the Sonoma County Jail within the next few weeks. *See id.*

This action was commenced when Mr. Chisom sent to the United States Court of Appeals for the Ninth Circuit a document entitled "writ habeas corp. - emergency relief" with copies of some motions purportedly filed in an unspecified "superior court." The Ninth Circuit construed the document to be an "original petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241" and transferred it to this district. A slight delay occurred when the Ninth Circuit's order was mistakenly put in the file for a civil rights action that had been dismissed several years ago.

*See* Docket No. 9 in *Chisom v. SPD*, Case No. 12-cv-6302 SI. Eventually, this action was opened with the "writ habeas corp. - emergency relief" petition being the first document filed in it. Docket No. 1.

In his "writ habeas corp. - emergency relief" petition, Mr. Chisom asks that the state court criminal case against him be dismissed. Docket No. 1 at 1. He alleges that dismissal is proper "because the evidence is tainted along with prosecutorial misconduct, [and] ineffective assist[ance]" of counsel. *Id.* He also alleges that the judge is biased. *Id.* at 4-5.

Mr. Chisom also has filed a motion to vacate the "competancy" and involuntary medication order issued by Judge Laforge, who apparently is the presiding judge in Mr. Chisom's criminal case pending in Sonoma County Superior Court. Docket No. 4. Mr. Chisom contends that Judge Laforge was biased in his decision after Mr. Chisom insulted him and Dr. Broadman "lied at the hearing" after Mr. Chisom insulted her. *Id.* Mr. Chisom alleges that he was found competent by Dr. Apostle in another prior case, suggesting both that once determined competent he cannot be medicated and that Dr. Broadman is wrong in her opinion in the pending criminal case. *See id.* at 1.

Mr. Chisom also has later filed a document labelled "motion to amend complaint." Docket No. 9. He put three case numbers on the motion, i.e., the case numbers for this habeas action plus two civil rights actions he has pending before a different judge. The motion plainly refers to one of his civil rights actions, i.e., Case No. 18-cv-7191 EJD, as it has the same facts and defendants as mentioned in the original complaint in that action.

In a recently filed letter, Mr. Chisom asks that this Court bar Judge Laforge from presiding over Mr. Chisom's criminal case. Docket No. 11.

### III. DISCUSSION

Principles of comity and federalism require that this court abstain and not entertain a pre-trial habeas challenge unless the petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F.2d 82, 83-84 (1980), *cert. denied*, 449 U.S. 1014 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should not interfere

with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances). The special circumstances that might warrant federal habeas intervention before trial include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown. *Carden*, 626 F.2d at 84 (violation of speedy trial right not alone an extraordinary circumstance); *see also Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) (reaffirming that *Carden*'s "special circumstances" rule still applies); *id.* (district court properly dismissed on abstention grounds a pretrial petition asserting speedy trial claim).

Because Mr. Chisom has not shown special circumstances that warrant federal intervention before the trial is held and any appeal is completed, this court will abstain and dismiss the habeas petition without prejudice. *See Carden*, 626 F.2d at 84. The alleged constitutional violations that Mr. Chisom claims have occurred are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before Mr. Chisom seeks a federal writ of habeas corpus. Given that the Court will abstain from hearing the pretrial habeas petition, the Court also rejects Mr. Chisom's request to bar Judge Laforge from presiding over the case against Mr. Chisom.

Mr. Chisom's motion to vacate the competency and involuntary medication decision in the Sonoma County Superior Court is DENIED. Docket No. 4. A federal district court is a court of original jurisdiction and does not have appellate jurisdiction over a decision from a state superior court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts). The *Rooker-Feldman* doctrine bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Mr. Chisom's motion to vacate is a de facto appeal from the superior court's order. The *Rooker-Feldman* doctrine bars this Court from reviewing or vacating the order of the Sonoma County Superior Court. If he disagrees with the superior court's decision, Mr. Chisom's recourse is to take an appeal to the California Court of Appeal at the appropriate time.

Mr. Chisom's motion to amend his complaint is DENIED because it was filed in the wrong

action. Although he put the case numbers for all three of his pending cases, the motion plainly pertains to one of his civil rights actions, i.e., Case No. 18-cv-7191 EJD, as it has the same facts and defendants as mentioned in the original complaint in that action. There is no reason for him to amend his habeas petition to assert the claim that is the subject of an unrelated civil rights action – indeed, if he asserted the claim in this action, it would have to be dismissed as duplicative of the claim asserted in the civil rights action. The motion to amend has been docketed and is pending in Case No. 18-cv-7191 EJD, so it will be considered in the correct case.

## IV. CONCLUSION

For the foregoing reasons, this action is DISMISSED. The dismissal of this action is without prejudice to Mr. Chisom filing a new petition for writ of habeas corpus, but he should not file a new federal petition for writ of habeas corpus unless and until he is convicted and his direct appeal and state habeas proceedings have concluded so that the state's highest court has a fair opportunity to rule on each of his claims.

Mr. Chisom's request to vacate the competency and medication order is DENIED. Docket No. 4.

Mr. Chisom's motion to amend his complaint is DENIED because it was filed in the wrong action. Docket No. 9.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: February 8, 2019

_____
EDWARD M. CHEN
United States District Judge